# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JORGE LUIS REGLA-ARAUJO, | ) | CASE NO. 4:25-cv-544 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN, FCI ELKTON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner, Jorge Luis Regla-Araujo, is a federal prisoner currently housed at FCI Elkton. He filed the present petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the determination by the Bureau of Prisons ("BOP") that he is ineligible to apply earned time credits under the First Step Act ("FSA") because he is subject to a Final Order of Removal. (Doc. No. 1 (Petition).) Petitioner notes that he accumulated FSA time credits before the issuance of the final removal order and contends that he should be permitted to apply those credits to his sentence. (Doc. No. 1-2 (Memorandum in Support), at 20.[1]) Because petitioner is ineligible to apply earned time credits under the FSA to his sentence, his petition is denied.

## I.     BACKGROUND

On April 10, 2013, petitioner, a citizen of Mexico, was charged in the United States District Court for the District of South Carolina with one count of possession with intent to distribute 50

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (D. S.C. No. 3:13-cr-291, Doc. No. 30 (Indictment); *see* Doc. No. 1 (Complaint), 3/12/2013.) He pleaded guilty to the charge in the indictment, and, on November 7, 2013, the district court sentenced petitioner to a custody term of 188 months, followed by 5 years of supervised release. (*Id.*, Doc. No. 92 (Judgment).) The judgment further provided that, upon the completion of his custody term, petitioner was to "be surrendered to a duly-authorized immigration official for deportation consideration in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101, et. seq." (*Id.* at 4.) Additionally, he was prohibited from re-entering the United States during the term of his supervision without authorization. (*Id.*)

According to petitioner, the Bureau of Prisons ("BOP") "assessed [him] as an eligible prisoner under the [FSA] and his release was scheduled to be" July 5, 2025. (Doc. No. 1-2, at 7.) He claims that he received 365 days of FSA earned time credits "to be applied towards his supervised release and some 400 [] days of time [] credits to be applied towards his pre-release custody[.]" (*Id.*; *see* Doc. Nos. 1-3 through 1-4.)

On February 21, 2024, the Department of Homeland Security issued petitioner a Final Administrative Removal Order. (Doc. No. 1-2, at 7; *see* Doc. No. 1-10 (Final Administrative Removal Order).) The final removal order provides that petitioner is deportable as an alien convicted of an aggravated felony, as defined under the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii). (*Id.*) The Notice of Intent to Issue a Final Administrative Order further provides that petitioner entered the United States unlawfully "without inspection." (Doc. No. 1-8 (Notice of Intent).)

Petitioner alleges that, based on the final removal order, the BOP "changed [his FSA] eligibility status to 'ineligible' and retroactively eliminated all his earned time [] credits." (Doc. No. 1-2, at 7.) "The BOP has now recalculated [his] release date as July 5, 2026, after forfeiting all the FSA time [] credits previously earned" by petitioner. (*Id.*) "Petitioner utilized the BOP's administrative remedy process to challenge the retroactive elimination of the FSA time [] credits, but was denied at all levels." (*Id.*; *see* Doc. Nos. 1-11 through 1-16.)

## II. STANDARD OF REVIEW

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" habeas petitions lacking merit on their face under 28 U.S.C. § 2243).

## III. LAW AND DISCUSSION

Under the FSA, an eligible inmate can earn 10 days of time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 days during those 30 days if (1) his recidivism-risk rating is minimum or low, and (2) his risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

The FSA further provides, however, that a "prisoner is ineligible to apply time credits . . .

if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (stating that for any inmate "who is . . . [s]ubject to a final order of removal . . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"). The statute does not exempt or make exceptions for any credits that may have been earned prior to the issuance of the final removal order. Accordingly, based on the plain language of the statute, petitioner is ineligible to apply FSA time credits because he is subject to a final order of removal. *See Lopez-Chavez v. Healy*, No. 4:23-cv-2328, 2024 WL 580973, at *2 (N.D. Ohio Feb. 13, 2024) (noting that § 3632 provides that certain prisoners are ineligible to receive time credits, such as those subject to a final order of removal under any provision of the immigration laws and those convicted of certain enumerated offenses specified in § 3632(d)(4)(D) (citation omitted)).

While acknowledging that he is subject to a final removal order, petitioner resists the BOP's conclusion that he is ineligible to apply to his sentence the FSA earned time credits he accumulated *before* the final removal order issued. He posits that the "retroactive elimination" of his FSA earned time credits violates the Ex Post Facto Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution. (Doc. No. 1-2, at 8–19.) The Court takes each argument in turn.

The Ex Post Facto Clause prohibits "Congress [from enacting] any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981) (quotation marks and citation omitted). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must

4

apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016) (quotation marks and citations omitted). "A law 'disadvantages' a defendant when it retroactively increases the penalty by which a crime is punishable." *Id*. (quotation marks and citation omitted).

"Courts have found no ex post facto violation in BOP's recalculation of a non-U.S. citizen's sentence to exclude FSA earned time credits after that person became the subject of a final order of removal." *Batioja Cuero v. Warden, FCI Berlin*, 748 F. Supp. 3d 58, 66 (D. N.H. 2024) (collecting cases). "The FSA is not a retrospective law, and it does not impose punishment [or a penalty]; it creates awards for those eligible to earn them." *Pineda v. Cruz*, No. 23-cv-4939, 2024 WL 2860289, at *4 (D. N.J. June 6, 2024) (citation omitted). Accordingly, the BOP did not violate the Ex Post Facto Clause when it removed petitioner's earned time credits when he became ineligible due to the issuance of a final removal order. *See, e.g., Herrera v. Rardin*, No. 4:24-cv-11492, 2024 WL 5059149, at *5 (E.D. Mich. Dec. 10, 2024).

Petitioner also claims that the BOP's refusal to apply his earned time credits to his sentence violates the Due Process Clause. (Doc. No. 1-2, at 12–14.) In support, he suggests that he has a "protected liberty interest in his time [] credits[.]" (*Id*. at 14.) However, "[c]ourts that have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act." *Herrera*, 2024 WL 5059149, at *3 (quotation marks and citation omitted (collecting cases)); *see also Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002) (finding there is no constitutionally protected liberty interest in earning sentencing credits (citations omitted)). Moreover, petitioner was on notice from the date of his judgment that he was subject to deportation consideration and could, therefore, be subsequently determined to

be ineligible to apply any earned time credits. Because petitioner does not have a protected liberty interest in applying his FSA credits, his due process claim is without merit.

Finally, petitioner argues that the refusal to apply his earned time credits to his sentence constitutes an equal protection violation. (Doc. No. 1-2, at 15–17.) It is well settled that aliens with final orders of removal are not a protected class for purposes of equal protection analysis. *See Graham v. Mukasey*, 519 F.3d 546, 551 (6th Cir. 2008) (noting that deportable aliens are not members of a "suspect class"). Under the applicable rational basis test, courts have found that it is rational to prohibit aliens from applying earned time credits to their sentences and releasing them into the community when they have a heightened interest in fleeing in order to avoid deportation. *See Herrera*, 2024 WL 5059149, at *5 (citing *Cheng v. United States*, 725 F. Supp. 3d 432, 439 (S.D.N.Y. 2024), *aff'd*, 132 F.4th 655 (2d Cir. 2025)). It is equally rational, courts have concluded, to prevent aliens who have entered the country illegally from applying FSA earned time credits to facilitate their early deportation. *Id*. (citing *Cheng*, 725 F. Supp. 3d at 439). Because the BOP's decision to prevent petitioner from applying his FSA earned time credits to his sentence due to his final removal order has a rational basis, his equal protection claim fails.[2]

---

[2] Petitioner also appears to raise a challenge under the Administrative Procedures Act ("APA"). (*See* Doc. No. 1-2, at 18–19.) To the extent he asserts such a claim, it would fail on the merits because petitioner "does not allege any unconstitutional agency action separate and apart from what the language of [§] 3632(d)(4)(E)(i) requires." *See Cheng*, 725 F. Supp. 3d at 442 (rejecting APA challenge to BOP's decision to not apply defendant's earned time credits due to the existence of a final removal order).

## IV. CONCLUSION

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 29, 2025

                                               **HONORABLE SARA LIOI**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**